# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

ROMERO NERI WILBERT SIMON,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-01314-RFB-DJA

**ORDER APPOINTING COUNSEL AND REQUIRING RESPONDENTS TO SHOW CAUSE**

Petitioner Romero Neri Wilbert Simon, an immigration detainee, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1-1). They challenge the lawfulness of their ongoing detention at Henderson Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). They assert they are a member of the certified class in Jacobo-Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC (D. Nev.). Therefore, they may be entitled to relief pursuant to the Court's class-wide grant of partial summary judgment. See Jacobo-Ramirez v. Mullin, No. 2:25-cv-02136-RFB-MDC, ECF No. 96 (D. Nev. Mar. 30, 2026).

Initially, the Court finds that the appointment of counsel is in the interest of justice, as this case necessarily implicates a complex[1] web of detention authority developed specifically for noncitizens. See Torres v. Barr, 976 F.3d 918, 924 (9th Cir. 2020) (describing the Immigration and Nationality Act as: a "morass;" a "Gordian knot;" and "King Minos's labyrinth in ancient Crete") (citations omitted). Accordingly, **IT IS HEREBY ORDERED** the Federal Public Defender for the District of Nevada ("FPD") is **APPOINTED** to represent Petitioner and is directed to file a

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing Kreiling v. Field, 431 F.2d 638, 640 (9th Cir. 1970) (*per curiam*)). Indeed, the Court may appoint counsel at any stage of the proceedings if the interests of justice so require. See 18 U.S.C. § 3006A; see also Rule 8(c), Rules Governing § 2254 Cases; see also Chaney, 801 F.2d at 1196.

notice of appearance by **May 4, 2026.** Alternatively, the FPD may notify the Court that it is unable to represent Petitioner. If the FPD is unable to represent Petitioner based on a conflict of interest, or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless appointed counsel is allowed to withdraw. Based on the foregoing, **IT IS FURTHER ORDERED** that the Clerk of the Court will send a copy of this Order to the FPD and the CJA coordinator for this division.

Additionally, Petitioner has not paid the filing fee or properly applied to proceed *in forma pauperis*. See ECF No. 1. Therefore, **IT IS HEREBY ORDERED** that Petitioner, with the assistance of counsel, must either pay the filing fee or submit an application to proceed *in forma pauperis* by **May 8, 2026.** The Clerk of Court is kindly instructed to attach a copy of this Court standard application to proceed *in forma pauperis* to this Order.

Further, Respondents are **ORDERED TO SHOW CAUSE** why Petitioner is **NOT** a Class Member **AND** why the Writ should not be granted. See 28 U.S.C. § 2243. Respondents shall file, in writing, a (i) notice of appearance and (ii) "a return certifying the true cause of detention" on or before **May 5, 2026**. See id. Petitioner shall file a traverse on or before **May 8, 2026.**

Additionally, the Court finds Petitioner has established a *prima facie* case for relief and that ordering Respondents to produce documents reflecting the basis for their detention of Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require'") (citing 28 U.S.C. § 2243). Accordingly, pursuant to Rule 6 of the Rules Governing § 2254 Cases—which the Court, in its discretion, applies to this § 2241 matter, see § 2254 Rule 1(b)—the Court finds good cause to order Federal Respondents to produce relevant documents in their possession, custody, or control. Therefore, **IT IS HEREBY ORDERED** Respondents must file any of the following documents relevant to the lawfulness of Petitioner's detention that are in their possession, custody, or control, alongside their Return: (1)

I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) Form I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings; (6) documents reflecting any appeal of any immigration court orders by the Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, Federal Respondents must **CERTIFY** that any of the listed documents are not in their possession, custody, or control.

To preserve this Court's jurisdiction over the pending § 2241 Petition, **IT IS HEREBY ORDERED** that Respondents shall not remove Petitioner from this judicial district, absent leave of this Court. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." See 28 U.S.C. § 1651(a) (establishing the All Writs Act, which empowers federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions"); F.T.C. v. Dean Foods Co., 384 U.S. 597, 601 (1966) (emphasizing that federal courts have the power "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action"); Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). The Court finds Petitioner's removal from the United States District of Nevada, or more broadly, the United States, could interfere with the Court's jurisdiction over their claims and with the Court's ability to expeditiously resolve this case and provide appropriate relief. The Court thus finds this Order is warranted to maintain the *status quo* while the Court adjudicates Petitioner's claims.

**IT IS FURTHER ORDERED** Local Rules 7-2, 7-3, and 7-4 will govern the requirements and scheduling of all other motions filed by either party.

**IT IS FURTHER ORDERED** the Parties shall file all documents and exhibits in accordance with Local Rules LR IA 10-1 through 10-5.

**IT IS FURTHER ORDERED** that the Parties must refrain from including—or must partially redact, where inclusion is necessary—personal-data identifiers from all documents filed

with the court, unless the court orders otherwise. See LR IC 6-1; see also FED. R. CIV. P. 5.2.

**IT IS FURTHER ORDERED** the Parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to:

1. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **SEND**, through CM/ECF, a copy of the Petition (ECF No. 1-1) and this Order to Counsel for Respondent Reggie Radar at christian.orme@cityofhenderson.com.

3. **MAIL** a copy of the Petition (ECF No. 1-1) and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure Reggie Radar at Henderson Detention Center, 18 E. Basic Road, Henderson, NV 89015.

**DATED:** April 30, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**